UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYOHO MYSTIC WINSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFF MACOMBER, et al., <br><br> Defendants. | No. 1:24-cv-00864-SAB (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE <br><br> (ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed July 29, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On or about April 28, 2020, Plaintiff sought emergency health care and was taken to an outside hospital, Adventist Health in Bakersfield, California. Plaintiff was informed that he was suffering from blood clots in the upper level chest and the only way to resolve the matter was to place a "stent" in the blocked vein. Plaintiff informed medical officials that he would rather not have the surgery because it was "invasive." Dr. Russell K. Paul informed Plaintiff that the placement of the stent was the only manner in which to correct the block and the procedure was

1 required.

2 On April 29, 2020, the stent was placed into Plaintiff's upper left chest, and he was
3 subsequently released back to the prison facility.

4 On or about July 1, 2021, Plaintiff suffered continuing swelling and severe pain in the
5 upper left chest area where the "stent" had been placed, and Plaintiff was taken to the outside
6 hospital.  Test were performed which determined that the stent had ruptured which required
7 immediate medical intervention or Plaintiff would be subjected to life threatening conditions.
8 Plaintiff was also informed that he would require additional higher level of care for the rest of his
9 life.

10 On this same date, Plaintiff was informed that the "stent" would not be removed at that
11 time because it would require "open-chest" surgery which none of the medical professionals were
12 willing to perform.  Since that date, Plaintiff has continuously and repeatedly required removal of
13 the broken and damaged stent as it causes swelling and constant pain in his upper left chest and
14 left arm.

15 Plaintiff believes and asserts that Dr. Paul insisted Plaintiff undergo the procedure of
16 placing the stent because Plaintiff is an African American convicted felon serving a prison term
17 with limited education.  Plaintiff asserts that Dr. Paul took advantage of Plaintiff as he was made
18 to feel that if he insisted on a different course of treatment, Dr. Paul "might not perform so well."

19 During Plaintiff's stay at the hospital, he discussed with Dr. Condi the options for future
20 medical care and it seemed as though everybody agreed that the broken stent needed to be
21 removed, but because Dr. Paul initiate the stent removal no one else was willing to interfere or
22 correct the rupture.  "Plaintiff believes this withdrawal by fellow medical professionals to be out
23 of the fear of becoming co-defendant(s) rather than out of professional courtesy."  (Compl. at 5.)

24 On March 6, 2023, the clotting issue is the only medical condition resolved.  On this date,
25 Dr. Anna Gafter removed as much of the stent was possible as many small pieces traveled and
26 were unable to locate.  "The medical procedure that was performed by Dr. [Gafter] thus becomes
27 that ever necessary 'other' opinion that offsets the plaintiff's word against the defendant's word
28 that this court said was necessary in order to state a claim."  (Compl. at 5.)

Plaintiff claims Jeff Macomber as the Secretary of the California Department of Corrections and Rehabilitation is liable under the theory of "respondeat superior."

## III.

## DISCUSSION

An examination of Plaintiff's instant complaint and a review of the Court's docket reveals that it is duplicative of the complaint filed in Winston v. Paul, No. 1:22-cv-00343-JLT-EPG (PC), which was dismissed for failure to state a cognizable claim for relief on June 28, 2022, and affirmed on appeal on August 21, 2023.[1]  (See ECF Nos. 10, 18, No. 1:22-cv-00343-JLT-EPG (PC).)

"[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.' " Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d at 1021) (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28 U.S.C. § 1915).  That a prisoner adds an additional defendant in his later-filed action does not

---

[1] The Court notes that Plaintiff neglected to list this case as a previous lawsuit.  (See Compl. at 2.)

4

1  compel a different result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations
2  asserted in earlier case, even if now filed against new defendants, is subject to dismissal as
3  duplicative).
4      In both this action and Winston v. Paul, No. 1:22-cv-00343-JLT-EPG (PC), Plaintiff
5  alleges Defendant Dr. Paul inappropriately placed the stent in Plaintiff's chest which later
6  ruptured.  The Court finds that this action is duplicative of Winston v. Paul, No. 1:22-cv-00343-
7  JLT-EPG (PC) because it repeats the same allegations against Dr. Paul. That Plaintiff has added
8  Jeff Macomber as another Defendant to this action does not compel a different result.  See Bailey,
9  846 F.2d at 1021 (complaint repeating same allegations asserted in earlier case, even if now filed
10 against new defendants, is subject to dismissal as duplicative).  Further, the fact that Plaintiff now
11 claims the stent was removed in March 2023, does not change the Court's analysis.  See
12 Takahashi v. Bd. of Trustees, 783 F.2d 848, 851 (9th Cir. 1986) (asserting a new legal theory for
13 recovery in a subsequent action does not give rise to a new cause of action; "[e]ven where there
14 are multiple legal theories upon which recovery might be predicated, one injury gives rise to only
15 one claim of relief.")  Nonetheless, the additional factual allegations do not give rise to a claim
16 for deliberate indifference by Dr. Paul because the mere difference of opinion between medical
17 professionals, as alleged by Plaintiff, does not give rise to a claim for relief.  See Toguchi v.
18 Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (mere differences of opinion between a prisoner and
19 prison medical staff or between medical professionals as to the proper course of treatment for a
20 medical condition do not give rise to a § 1983 claim); see also Jackson v. McIntosh, 90 F.3d 330,
21 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662
22 F.2d 1337, 1344 (9th Cir. 1981).
23     Accordingly, Plaintiff's case is duplicative of Winston v. Paul, No. 1:22-cv-00343-JLT-
24 EPG (PC) because the two suits arise out of the same transactional nucleus of facts, i.e., improper
25 placement and failure to remove a stent in Plaintiff's chest in violation of his civil rights.  Thus,
26 this action should be dismissed.  In addition, given this defect, the Court finds that further
27 amendment would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818
28 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed as duplicative.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 9, 2024**

UNITED STATES MAGISTRATE JUDGE